# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>       Plaintiff,<br><br>  v.<br><br>JESSICA C., et al.,<br><br>       Defendants. | 1:14-cv-01025-BAM<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1.)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on June 30, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.    Screening Requirement**

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Allegations in Complaint

Plaintiff is housed at Coalinga State Hospital ("CSH"), where the events in the complaint are alleged to have occurred. Plaintiff names Jessica C., a P.T. at CSH, and Audrey King, Executive Director of CSH, as defendants.

Plaintiff alleges: On May 6, 2013, Plaintiff approached the housing unit medication window to receive his heart medications (nitro glycerin tablets). At the time, Plaintiff was not permitted to carry the medications on his person. Plaintiff was barely able to walk. When he reached the medication window, the medication room person, Jessica C., was sound asleep. She became irate when Plaintiff woke her. She stated "you woke me up for your dam pills lessen hear you dam nut job go back to bed."  (ECF No. 1, p. 4) (unedited text).  Plaintiff told her that he really needed his pills and he hurt really badly. Jessica C. told Plaintiff to go back to bed. Plaintiff then went back to bed.

Plaintiff further alleges that Dr. Hammrick was upset when Plaintiff informed him what had taken place. During that meeting, Dr. Hammrick called the morning shift medication room person to his exam room while Plaintiff was present. Dr. Hammrick asked P.T. Blonaka if Plaintiff was advised in the proper use of his life supporting medications. P.T. Blonaka drilled Plaintiff and he excelled well enough to be permitted to carry his life supporting medications and, according to procedures, self-medicate in times of severe need.

Plaintiff seeks monetary damages and injunctive relief.

## III.    Discussion

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendant Audrey King to any constitutional violation. If Plaintiff amends his complaint, he must allege what each individual did or failed to do that resulted in a violation of Plaintiff's constitutional rights.

To the extent Plaintiff seeks to bring suit against Defendant Audrey King based on her role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### B. Due Process -Medical Care

As a civil detainee, Plaintiff's rights to medical care and personal safety are protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg

v. Romeo, 457 U.S. 307, 315 (1982).  Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendant's decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Plaintiff has not stated a claim for violation of the substantive component of the Due Process Clause of the Fourteenth Amendment related to medical care against Defendant Jessica C.  At best, Plaintiff has alleged that Defendant Jessica C. denied him requested medication on a single occasion without any resulting harm or damage.  Therefore, Plaintiff has not alleged that the care rendered by Defendant Jessica C. was unsupported by professional judgment.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a claim for which relief may be granted.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent that he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **January 27, 2015**             /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE