# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>JESSICA C., et al.,<br><br>        Defendants. | 1:14-cv-01025-BAM<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15) |

      Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on June 30, 2014, and consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 1, 5.) On January 28, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. On February 13, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. Plaintiff's second amended complaint, filed on February 23, 2015, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

      **I.    Screening Requirement**

      "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.   Allegations in Complaint**

Plaintiff is housed at Coalinga State Hospital ("CSH"), where the events in the complaint are alleged to have occurred. Plaintiff names Jessica C. as a defendant in the caption of the complaint.

Plaintiff alleges as follows:

> ABOUT THREE YEARS PASSED I was awakened from a sound sleep with seveare chest paines that was brought on by being assalted in the chest by several outher patients at the start of the grave yard shift the vvverry same shift that the defendants where assined to work in eneyeveant plaintiff got up out of his bed seekingmedical help for exstreemly possable hart a tack only plaintiff could not locate a soul to reander medical care as was the job that was assinged to perform now according to the standard of the 1983 U.S.C. plaintiff is to present a complaint where reliff can be reandered now the hosoittal superviseing staff gave the job or reandering or giving medical care there selves of which bouth could have been done by all defendantd of which all failed to comply thus failuer to provide prompt profeshent medical care as stated in the above intitled matter is a matter where reliff can be reandered.

(ECF No. 13, p. 1) (unedited text).

**III.   Discussion**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link (or name) defendants to the allegations in his complaint. Plaintiff merely lumps all unidentified defendants together. Despite being provided with the relevant linkage requirement, Plaintiff has been unable to cure this deficiency.

**B. Due Process -Medical Care**

As a civil detainee, Plaintiff's rights to medical care and personal safety are protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Plaintiff has not stated a claim for violation of the substantive component of the Due Process Clause of the Fourteenth Amendment related to medical care. At best, Plaintiff has alleged that he attempted to inform some unidentified defendants of his chest pain. However, there is no indication that Plaintiff suffered a heart attack or any other resulting harm or damage from Plaintiff's failure to locate any defendants on a single occasion. Therefore, Plaintiff has not

alleged that the failure to render care by some unidentified defendants was unsupported by professional judgment. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure this deficiency.

### C. Supervisory Liability

To the extent Plaintiff seeks to impose liability against unidentified supervisory personnel, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

### IV. Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim for which relief may be granted against any defendant. Despite multiple opportunities, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim. All pending motions, if any, are terminated. IT IS SO ORDERED.

Dated:   **March 2, 2015**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE